## Ex Parte Julius Wright.

### No. 4207.    Decided June 19, 1909.

**1.—Sunday Law—Habeas Corpus—Jurisdiction—Repeal of Law.**

There is no conflict between article 199, the so-called Sunday law, and any of the provisions of the Baskin-McGregor law, regulating the sale of intoxicating liquors; and the latter law does not repeal the former statute on the Sunday law, either in express terms or by necessary implication.

**2.—Same—Statutes Construed—No Conflict.**

It is the evident and obvious purpose of the Baskin-McGregor law to make it an offense punishable by fine and imprisonment for one to sell intoxicating liquors without license at any time, whether on Sunday or on week days; and it only has reference to infractions of the law by those holding a license; while the general Sunday law provides for the punishment of persons selling on Sunday regardless as to whether they have a license to sell. Whether this makes the punishment more onerous, for the sale of liquors on Sunday, on those holding license than upon those without license, is a policy for the Legislature, and does not raise a conflict between the two statutes.

From Travis County.

Original application for writ of habeas corpus asking a release from a commitment under a conviction in the Corporation Court of the city of Austin, upon a complaint charging the relator with a violation of the Sunday law under article 199, Penal Code.

The opinion states the case.

*Geo. Walton* and *O. Dickens,* for relator.

*F. J. McCord,* Assistant Attorney-General, for the State.

RAMSEY, JUDGE.—The relator was convicted in the Corporation Court of the city of Austin upon a complaint charging him with a violation of the Sunday law, in that he kept open his place of business on Sunday in violation of article 199 of the Penal Code. The complaint is, in substance, as follows: "That one Julius Wright, on or about the 23d day of May, A. D. 1909, said day being Sunday, and before the making of this complaint in the city of Austin, in Travis County and State of Texas, was then and there a dealer in goods, wares and merchandise, and upon said day, same being Sunday, did unlawfully and wilfully open and permit his place of business to be open for the purposes of traffic and sale, and did then and there sell and barter goods, wares and merchandise therein on said Sunday to Ed King, to wit, did sell beer to said Ed King." An application was made to this court for a writ of habeas corpus, on the ground, as we assume, that the Corporation Court of Austin was without jurisdiction to hear and determine the cause.

Relator's contention is, in effect, that the offense with which he is charged comes under what is known as the Baskin-McGregor law, which law, as he claims, operates a repeal of article 199 of our Penal Code; and that, inasmuch as the Baskin-McGregor law assesses imprisonment as part of the penalty for its violation, the County Court alone has jurisdiction to try the case, and that the judgment of conviction in the Corporation Court is absolutely void. If this contention of appellant is correct, it must follow that he should be discharged. Our opinion is, however, that his position is untenable, and that there is no conflict between article 199 and any of the provisions of the Baskin-McGregor law, and that the latter does not repeal the former statute either in express terms or by necessary implication. It was in argument practically conceded that the Act of 1907, page 258, did not in express terms repeal article 199, but it was strenuously contended, and with much force and plausibility, that, inasmuch as there was a general repealing clause in the Baskin-McGregor, and inasmuch as there was a definite and marked repugnance between the two laws, that by necessary implication the last named statute repealed the first. Let us see. Article 199 of the Penal Code is as follows: "Any merchant, grocer, or dealer in wares or merchandise, or trader in any business whatsoever, or the proprietor of any place of public amusement, or the agent or employe of any such person, who shall sell, barter or permit his place of business or place of public amusement to be open for the purpose of traffic or public amusement on Sunday, shall be fined not less than twenty nor more than fifty dollars. The term place of public amusement shall be construed to mean circuses, theaters, variety theaters, and such other amusements as are exhibited, and for which an admission

fee is charged, and shall also include dances at disorderly houses, low dives and places of like character, with or without fees for admission." This is a general statute applying to all merchants, grocers, or dealers in wares and merchandise, or trader in any business whatsoever, and is broad enough to include one who sells beer on Sunday, and whether with or without license. Sections 4 and 5 of the Baskin-McGregor law are as follows: "Sec. 4. No person shall directly or indirectly sell spirituous or vinous liquors, capable of producing intoxication, in quantities of one gallon or less, without taking out a license as a retail liquor dealer. Any person who shall violate the provisions of this section shall be deemed guilty of a misdemeanor, and upon conviction thereof shall be punished by a fine of not less than fifty dollars nor more than two hundred dollars, or by imprisonment in the county jail for a term not to exceed six months, or by both such fine and imprisonment.

"Sec. 5. No person shall sell, directly or indirectly, malt liquor capable of producing intoxication in quantities of one gallon or less, without taking out a license as a retail malt dealer; provided, that this section shall not apply to a retail liquor dealer, and that a retail liquor dealer's license shall be construed to embrace a retail malt dealer's license. Any person who shall violate the provisions of this section shall, upon conviction thereof, be punished by a fine of not less than twenty-five dollars nor more than one hundred dollars, or by imprisonment in the county jail for a term not exceeding ninety days, or by both such fine and imprisonment." It will be noticed by a careful reading of this statute that it is made an offense to sell liquors, either spirituous, vinous or malt, without taking out a license as a retail dealer in such liquors, and that such offense in the case named is complete, whether made on Sunday or any other day. It was the evident and obvious purpose of this act to make it an offense punishable by fine and imprisonment for one to sell spirituous, vinous or malt liquors without license at any time. It had no reference to Sunday or the violation of the Sunday law. It was an independent statute, taking no cognizance, and not having in mind or bearing any relation to the other provisions throwing safeguards around the sacredness of the Sabbath. Section 14 of the Baskin-McGregor law is as follows: "That every person or firm having a license, under the provisions of this Act, who may be engaged in, or who may hereafter engage in the sale of intoxicating liquors to be drunk on the premises in any locality in this State, other than where local option is in force, shall close and keep closed their houses and places of business, and transact no business therein or therefrom from and after twelve o'clock, midnight, until five o'clock a. m. of each week day, and shall close and keep closed their houses and places of business, and transact no business therein or therefrom, from and after twelve o'clock, midnight, Saturday, until five o'clock a. m. of the following Monday of each week, and any such person or firm, or his or their agent or employe, who shall open or keep open, or permit to be open

or kept open, any such house or place of business for the purpose of traffic, or who shall sell or barter any intoxicating liquor or merchandise of any kind, or who shall transact or permit to be transacted therein or therefrom any business between the hours aforesaid, shall be deemed guilty of a misdemeanor, and on conviction shall be punished by a fine of not less than twenty-five dollars nor more than two hundred dollars, or by imprisonment in the county jail for not more than three months, or by both such fine and imprisonment, and in addition thereto, upon the complaint or petition of the county attorney, the license of said dealer may be revoked, according to the practice and procedure as set forth in section 18 of this Act."

It will be noticed that under this section it is provided that every person or firm *having a license* who shall sell on Sunday shall be punished as therein provided. In this case it does not appear that the relator had license. It could not, we think, be seriously argued that one could be convicted under the last quoted section of the Act of 1907 for selling liquor on Sunday who did not have a license under the law to engage in the business. To so hold would make absolutely meaningless the first line of this article which in terms restricts it to "every person or firm having a license." Relator does not fall within the provisions of this section because the affidavit does not charge him with having a license, permitting and authorizing a sale under the provisions of this act; and from a reading of the above quoted section it seems clear that it only has reference to infractions of the law by those holding a license under the provisions and regulations of the Baskin-McGregor law. There is no contradiction or repugnancy between the sections of the Act of 1907, and the general law and both may and can stand in perfect harmony. The general Sunday law provides for the punishment of a trader, or merchant selling on Sunday, the Baskin-McGregor law deals with the special subject of intoxicating liquors and makes provision for the punishment of those who attempt to sell intoxicating liquors at any time or on any day without a license and then makes provision for the punishment of those who hold a license, for the infraction of the regulations fixed by law for their guidance and control. It was urged in argument, however, that this construction imposes more onerous burdens for the sale of liquors on Sunday on those holding license from the State, than upon those doing such business without license and in defiance of the State authority. If this should be conceded, it would still be a matter for legislative action rather than for judicial control. With matters of policy, of course, we have little to do, but it should be remembered that by chapter CXXXII, Acts of the Thirtieth Legislature, p. 246, heavy penalties are imposed upon those selling liquor in this State without license to which, it is probable, if the facts set out in the complaint be assumed to be true, appellant might be subject.

As presented we think it can not be said that the act under which

relator was convicted is absolutely void, but that the Sunday law is valid, and in view of the action of the corporation court finding him guilty we must assume the regularity of the proceedings in such court and relator is without remedy under the process availed of in this case.

It is therefore ordered that the relator be and he is hereby remanded to custody.

*Relator remanded.*